# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:19-cr-00042-JAD-GWF |
| Plaintiff | **Order Denying Motion for Early Termination of Supervised Release** |
| v. | [ECF No. 10] |
| Reginald Penro, | |
| Defendant | |

Reginald Penro is 31 months into a 5-year term of supervision after completing a 150-month sentence for conspiracy to manufacture, distribute, and possess crack cocaine, resulting in death.[1] Though he was sentenced in the Southern District of Iowa, Penro's supervision was recently transferred to Nevada.[2] Penro now moves for early termination of his supervision period, citing his full compliance with all conditions of supervision.[3] The government opposes the motion, noting that full compliance is what is expected of supervisees and does not warrant a three-and-a-half-year break on Penro's supervisory term.[4] Though I am encouraged by Penro's performance, his full compliance is expected, and he has not established a basis for early termination, so I deny his motion.

## Discussion

A court may terminate a term of supervised release after the first year of release when it "'is satisfied that such action is warranted by the conduct of the defendant released and in the

---

[1] ECF No. 1; ECF No. 2.
[2] ECF No. 2.
[3] ECF No. 8 at 2.
[4] ECF No. 9.

interest of justice.'"[5] This requires the court to evaluate certain sentencing factors set forth in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense; the defendant's history and characteristics; the need to deter criminal conduct, protect the public from the defendant's further crimes, and give the defendant needed resources that the probation office can provide; the sentence and sentencing range; and the need to avoid unwarranted sentencing disparities.[6] Early termination is rare, and the defendant must show that he is entitled to it.[7] "This is usually accomplished by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate [the] initial sentencing decision and analysis."[8] Penro has not met this burden.

Penro explains that he has complied with the terms of his probation and is gainfully employed.[9] Though he has been compliant with the terms of his supervision, full compliance is expected and insufficient to prove that termination is appropriate.[10] And while I appreciate that he has continued to be a mentor to his son and "a host of nieces and nephews,"[11] he has not demonstrated a reason that would justify departing from the original terms of his supervised release, so I deny this motion.

---

[5] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)).
[6] 18 U.S.C. §§ 3583(e)(1); 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).
[7] *Emmett*, 749 F.3d at 824 (Nguyen, J., dissenting); *see United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).
[8] *Emmett*, 749 F.3d at 824 (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)).
[9] ECF No. 8 at 2.
[10] *See United States v. Misraje*, 888 F.3d 1113, 1116 (9th Cir. 2018) ("It is a supervisee's obligation to strictly comply with the terms of supervised release.").
[11] ECF No. 8 at 2.

**Conclusion**

IT IS THEREFORE ORDERED that Penro's motion for early termination of supervised release **[ECF No. 8] is DENIED**.

_____
U.S District Judge Jennifer A. Dorsey
July 16, 2021